```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

MARGARET M. GARRETT-GRANT,

      Plaintiff,

vs.                                    No. 06-2009-Ml/P

JOHN POTTER,
POSTMASTER GENERAL,

      Defendant.

ORDER GRANTING LEAVE TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Margaret M. Garrett-Grant, a resident of Memphis, Tennessee, filed a <u>pro se</u> complaint on January 9, 2006, along with motions seeking leave to proceed <u>in forma pauperis</u> and appointment of counsel. On the basis of the information contained in the plaintiff's affidavit, the motion to proceed <u>in forma pauperis</u> is GRANTED. The Clerk shall record the defendant as John Potter, Postmaster General.

The factual allegations of the complaint consist, in their entirety, of the following:

```
Unfair Labor Practice
Disciple [sic] without JUST-CAUSE
Removal without PROBABLE-CAUSE
```

    RETAILIATION [sic] FOR PRIOR UNION ISSUES
    RETAILIATION [sic] FOR PRIOR EEOC ACTIVITIES
    PROCEDURALLY DEFECTIVE ISSUES OF DISCIPLINE
    OSHA VIOLATIONS
    VIOLATIONS WITH IN THE EMPLOYEE & LABOR MANUALS AND HANDBOOKS
    DENYING UNEMPLOYMENT PAY WITHOUT JUST-CAUSE[1]

The complaint is accompanied by forty-four pages of exhibits which include regulations from several different manuals and parts of disciplinary notices concerning action taken against the plaintiff during her employment with the United States Postal Service. The complaint itself contains no prayer for relief. The last page of the exhibits is an unsigned document entitled "Plaintiff's Summary" and "JUST-CAUSE" stating:

> Just-Cause establish the Rights that no employee may be disciplined or discharged except for just cause such as, but not limited to insubordination, pilferage, intoxication, incompetence, failure to perform work as requested, violation of the term of this Agreement, or failure to observe safety rules and regulations. The actions taken by the Agency was punitive rather than Corrective in Nature. The only reason that the Agency has for the Actions taken is RETAILIATION. When the Agency asked for an extension the Complainant complied, but when the Complainant's makes a request there appears to be a problem and rejection. The Questions that the Complainant requested are Pertinenet to this case and would aid in the investigation so that the Complainant may have her DAY IN COURT PRIVILEGES. The Complainant request that the Hearing and the Discovery be Sustained. Favorable to the Complainant. All the Managers and Labor are aware of the Complainant's previous EEO's, Grievances and Filings initiated by the Complainant which substantiate Probably-Cause of Retaliation. And by all

---

[1] To put these allegations in some context, attached to the _in forma pauperis_ affidavit was a Notice of Final Action indicating that the plaintiff was formerly employed by the United States Postal Service. The Notice was issued on October 5, 2005, in an Equal Employment Opportunity dispute in which Plaintiff alleges that she was discriminated against because of Retaliation (prior EEO activity) when she was removed from her job on September 9, 2004.

> means may we continue with the Hearing as Order by the Judge. [sic]

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

Plaintiff's complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (2) a short and plain statement of the claim showing that the pleader is entitled to relief." The Sixth Circuit has emphasized that "[a] complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Mitchell v. Community Care Fellowship, 8 F. App'x 512 (6th Cir. May 1, 2001)(emphasis in original; citation omitted).

The allegations in this complaint fail to satisfy the requirements of Rule 8(a). The complaint consists of a listing of wrongful acts with no underlying factual allegations. The filing

3

is so vague that it is not possible to discern any specific act taken by the defendant or how that act injured the plaintiff. The total submission is neither short nor plain. Likewise, the complaint does not comply with Fed. R. Civ. P. 10(b), which provides as follows:

> All averments of claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . . Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever the separation facilitates the clear presentation of the matters set forth.

See also Fed. R. Civ. P. 8(e)(1) ("Each averment of a pleading shall be simple, concise, and direct."). As written and submitted, "the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Directors of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Plymale v. Freeman, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991); Flayter v. Wisconsin Dep't of Corrections, 16 F. App'x 507, 509 (7th Cir. Aug. 17, 2001)(dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994)(criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation);

Jennings v. Emry, 910 F.2d 1434, 1435 (7th Cir. 1990)("A . . . complaint must be presented with intelligibility sufficient 'for a court or opposing party to understand whether a valid claim is presented and if so what it is.' . . . And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.") (citations omitted); Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988); Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir. 1983)(per curiam); Gordon v. Green, 602 F.2d 743 (5th Cir. 1979); Windsor v. A Federal Executive Agency, 614 F. Supp. 1255 (M.D. Tenn. 1983)(ordering plaintiff, whose complaints, including exhibits, totaled 24 pages, to amend his complaint to comply with Rule 8).[2]  The difficulties presented by this complaint are compounded by the fact that it is not clear which claims are asserted against the defendant.

The Court ordinarily would order the plaintiff to amend her complaint to comply with the Federal Rules of Civil Procedure. That course is unavailable when a court screens a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997).  Under those circumstances, the appropriate course is to dismiss the complaint without prejudice to the plaintiff's right to commence a new action about the same

---

[2]  In this regard, it is noteworthy that the numerous exhibits attached to the complaint are not limited to the issues raised in the body of the complaint but, rather, encompass numerous additional issues.

5

subject matter, so long as the new complaint complies with Fed. R. Civ. P. 8(a).

Therefore, the Court DISMISSES the complaint, in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 8(a)(1) & (2). Because the complaint is dismissed, the motion for appointment of counsel is DENIED as moot.

The Court must also consider whether plaintiff should be allowed to appeal this decision in forma pauperis, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callahan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, she may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a

complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, Fed. R. App. P. 24(a), that any appeal in this matter by plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 31st day of May, 2006.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE